IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Desmond Burton,<br><br>               Plaintiff,<br><br>vs.<br><br>Brenda Taylor,<br><br>               Defendant. | No. 20-cv-1519<br><br>Hon. Mary M. Rowland<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

Plaintiff Desmond Burton brings this federal civil rights and Illinois tort action against defendant Dr. Brenda Taylor, DMD, and complains as follows:

**STATEMENT OF THE CASE**

1. While a pretrial detainee held by the Cook County Department of Corrections ("CCDOC"), Burton developed a dental condition causing him severe pain in and around his Problem Tooth (as defined below). Burton sought treatment with Dr. Taylor, whom he understood to be the only dentist available to inmates in his division of the facility. After consultation with Dr. Taylor, Burton consented to have the Problem Tooth extracted. However, rather than removing the Problem Tooth causing Burton's pain, Dr. Taylor removed a different tooth, the Molar (as defined below). Mr. Burton brings this action for damages because Dr. Taylor violated Burton's constitutional rights by knowingly or recklessly failing to adequately care for his serious medical needs and by violating his right to refuse medical care and his right to informed consent, causing Burton to suffer physical and emotional distress. Burton additionally seeks damages for medical battery under Illinois law.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 because Burton seeks redress for civil rights violations under 42 U.S.C. § 1983.

3. This Court may exercise supplemental jurisdiction over Burton's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims arise out of the same nexus of operative facts as his federal claims.

4. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to Burton's claims asserted herein occurred in this District.

## PARTIES

5. At the time of the events giving rise to this action, as set forth in this Amended Complaint, Burton was an inmate at the facility known as the Cook County Jail located at 2700 South California Ave., a facility operated by CCDOC.

6. Upon information and belief, at the time of the events giving rise to this action, Dr. Taylor was employed by CCDOC as a dentist; or was employed by a third party pursuant to a contract with CCDOC to provide dental services in CCDOC facilities. At all relevant times, Dr. Taylor was acting under color of state law.

## FACTS

7. In September 2019 Burton began experiencing pain and discomfort in and around the fifth tooth from the back on the upper right side of his mouth (the "Problem Tooth"). Burton inspected the Problem Tooth on his own and discovered a hole visible with the naked eye.

2

8. On September 21, 2019, Burton submitted a "Health Services Request Form" ("HSR Form") seeking medical attention for his Problem Tooth. In the HSR Form, Burton alerted Dr. Taylor that he had a hole in his Problem Tooth. Burton rated his pain at this time as a 6 on a scale of 1 to 10.

9. On January 3, 2020, Burton submitted another HSR Form, requesting medical attention for the hole in his Problem Tooth, noting that the pain was now a 7 on a scale of 1 to 10.

10. Burton was referred to dental and scheduled for an appointment with Dr. Taylor on January 8, 2020.

11. Dr. Taylor performed a dental exam of Burton's mouth and took X-rays of his mouth.

12. Based on her exam and the X-rays, Dr. Taylor determined that the Problem Tooth should be extracted. Dr. Taylor also identified a second tooth that she indicated should be extracted: the rearmost molar on the top right side of Burton's mouth (the "Molar"). Dr. Taylor informed Mr. Burton that the Molar would cause him problems in the future if not extracted. She pointed to the location of the Problem Tooth and the location of the Molar on Burton's X-ray slides. Dr. Taylor told Burton that she would like to remove the Molar, rather than the Problem Tooth.

13. Burton informed Dr. Taylor that the Molar was not currently causing him any pain, and that he did not want her to remove it at that time.

14. Dr. Taylor agreed that she would pull only the Problem Tooth that was causing Burton pain. Dr. Taylor had Burton sign a consent form with the understanding that the Problem

3

Tooth, and only the Problem Tooth, would be extracted. Dr. Taylor did not refer to Burton's teeth by number at any point during the appointment.

15. Dr. Taylor numbed Burton's mouth and performed a tooth extraction. Burton was prescribed ibuprofen and amoxicillin and sent back to his cell without any notice or instruction from Dr. Taylor regarding any required or recommended follow-up treatment or any additional teeth that required extraction.

16. After the numbing medication wore off, Burton was still in considerable pain.

17. He soon realized that Dr. Taylor had not removed the Problem Tooth—the only tooth Burton had consented to be extracted and the only tooth Dr. Taylor had agreed to remove. She had extracted the Molar instead.

18. Burton thereafter filed a grievance against Dr. Taylor on January 8, 2020, and requested a consultation with a different dentist.

19. On February 4, 2020, Burton received a response to his grievance, stating that the correct tooth had been pulled, and that Burton "had multiple teeth that had problems . . . that need to be addressed."

20. Burton has continued to suffer severe pain in the months since the unwanted extraction, and the condition of his Problem Tooth has worsened.

## COUNT I
## 42 U.S.C. § 1983
**Constitutionally Inadequate Dental Care in violation of the Fourteenth Amendment.**

21. Plaintiff hereby incorporates by reference paragraphs 1-20 of the Amended Complaint.

22. A painful hole in a tooth constitutes a serious medical condition.

23. Dr. Taylor knew that the Problem Tooth that Burton desired to be extracted was causing him considerable pain.

24. Dr. Taylor deliberately or recklessly extracted Burton's Molar.

25. Upon information and belief, Dr. Taylor knew that Burton believed she was extracting the Problem Tooth.

26. By failing to extract or otherwise provide care in relation to Burton's painful Problem Tooth, Dr. Taylor knew that she was subjecting Burton to continued pain as the Problem Tooth remained untreated.

27. Dr. Taylor's conduct needlessly prolonged Burton's pain, was objectively unreasonable, and was undertaken with reckless or intentional disregard of Burton's rights.

## COUNT II
### 42. U.S.C. § 1983 Depravation of Due Process Under the Fourteenth Amendment

28. Burton incorporates by reference paragraphs 1-27 of the Amended Complaint.

29. At the time Burton sought treatment he was a fully competent adult.

30. Burton's condition posed no risk to any other inmate, and did not otherwise threaten any legitimate penological objective.

31. Burton did not want the Molar that Dr. Taylor extracted to be removed and explicitly stated as much to Dr. Taylor prior to the procedure.

32. Upon information and belief, Dr. Taylor knew that Burton did not want to have the Molar removed, and decided to remove it anyway.

33. Although he signed the informed consent form, based on their contemporaneous conversation, Burton reasonably believed he was consenting to the extraction of the Problem Tooth.

34. Had Burton known that Dr. Taylor intended to extract the Molar, he would have exercised his right to refuse the proposed extraction.

35. Dr. Taylor did not provide sufficient information necessary to allow a reasonable patient to make an informed decision, including: how long he would need to endure the pain of the Problem Tooth before it would be extracted, and whether other options existed short of extraction that would have allowed him to keep the Molar.

36. Nothing about the circumstances of the procedure prevented Dr. Taylor from obtaining Burton's consent.

## COUNT III
## Medical Battery Under Illinois Law

37. Burton incorporates by reference paragraphs 1-36 of the Amended Complaint.

38. Burton told Dr. Taylor that he did not want her to pull any tooth except the Problem Tooth that was causing his pain.

39. Dr. Taylor nonetheless extracted the Molar, which was located in a different part of his mouth.

40. Burton was fraudulently induced to sign a consent form which he was made to believe referred to the extraction of the Problem Tooth causing him pain.

## PRAYER FOR RELIEF

WHEREFORE, and for the above stated reasons, plaintiff Desmond Burton demands judgment against defendant Dr. Taylor, awarding him:

    a) Compensatory damages for emotional distress, pain and suffering, and actual and direct losses and expenses Burton has incurred and will incur as a result of the Defendant's actions, the exact amount to be proven at trial, together with prejudgment interest and costs;

b) An award of punitive damages against the Defendant to punish the Defendant's wrongful conduct and to deter future wrongful conduct;

c) Plaintiff's costs and disbursements of this action, including reasonable attorneys' fees, costs and expenses, pursuant to 42 U.S.C. § 1988; and

d) Such further relief as the Court deems just, proper, and equitable.

## JURY DEMAND

41. Burton hereby requests trial by jury on all claims above triable to or by a jury.

Dated: August 14, 2020

Respectfully submitted,

DESMOND BURTON

By: /s/ *Julie O'Donnell Allen*
    Julie O'Donnell Allen
    Leslie Kuhn-Thayer
    jallen@sidley.com
    lkuhntha@sidley.com
    Sidley Austin LLP
    One South Dearborn Street
    Chicago, IL 60603
    Telephone: +1 312 853 7000
    Facsimile: +1 312 853 7036

    *Attorneys for Plaintiff*
    *Desmond Burton*

4

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned, an attorney, hereby certifies that on August 14, 2020, the foregoing document was electronically filed using the CM/ECF system, which sent a notice of Electronic Filing to all counsel of record.

*/s/ Julie O'Donnell Allen*